UNITED STATES, PLAINTIFFS IN ERROR v. TENCH RINGGOLD.

The case was argued by Mr Butler, attorney-general, for the United States; and by Coxe, for the defendant.

154

Mr Coxe, for the defendant,

Mr Justice THOMSON delivered the opinion of the Court.

The United States brought a suit against the defendant, in the circuit court for the county of Washington, in the district of Columbia; and upon the trial of the cause, the following statement of facts was, by the agreement of the parties, submitted to the court for its opinion of the law thereupon.

"This is an action of assumpsit, brought to recover the sum of three hundred and forty-five dollars, money of the plaintiffs, which came to the hands of the defendant, as marshal of the district of Columbia. Upon the settlement of the defendant's accounts, as marshal, with the treasury, he claimed an allowance and credit for the sum of one thousand one hundred and eleven dollars and two cents, being the amount of his poundage fees on a capias ad satisfaciendum, against John Gates, at the suit of the United States, and upon which Gates was arrested by the defendant, as marshal, and committed to jail, and afterwards discharged by order of the United States. It is agreed that this claim was presented to the accounting officers of the treasury, before the institution of this suit, and disallowed."

Upon this statement of facts the circuit court gave judgment for the defendant.

The matter in dispute, in this case, being under the value of one thousand dollars, a writ of error has been specially allowed, according to the provisions of the act of congress of April 2, 1816, (Davis's Col. 305) and the cause comes here for revision.

Upon the argument here, it has been contended by the attorney-general, on the part of the United States:

1. That by the laws of the state of Maryland, to which the acts of congress refer, the defendant, and not the plaintiff, is liable to the sheriff, or marshal, for his poundage, on the service of a capias ad satisfaciendum.

2. That whatever may be the rule in respect to individuals, the United States, under the general terms employed in the acts of congress and of the state of Maryland, are not liable to the officer.

That the defendant is legally entitled to the fees claimed by him as poundage, upon the execution served upon Gates, cannot be denied.

By the act of congress of the 27th of February 1801, Davis's

Col. 125, sec. 9, it is declared that the marshal shall be entitled to receive, for his services, the same fees, perquisites and emoluments, which are by law allowed to the marshal of the United States for the district of Maryland.

And by the act of congress of the 3d of March 1807, Davis's Col. 176, provision is made for certain specified services by the marshal, not, however, including poundage fees, but containing this general provision, " that for such services as are not enumerated in this or some other act of congress, the marshal shall receive, for services performed in the county of Washington, the like fees and compensation as, by the laws of Maryland in force on the first Monday in December 1800, were allowed to a sheriff of a county of Maryland for the like services.

By the Maryland law of 1779, ch. 25, sec. 5, the sheriff, on the service of *any execution* for money or tobacco, shall charge and receive on the same at the rate of ten per centum for the first five pounds, and at the rate of five per centum for the residue; and no sheriff shall be chargeable for any action of escape for more than the sum of money really due *or indorsed* to be received on the execution in discharge thereof.

If any doubt could exist whether an execution against the body was included, or intended to be included under the general terms " *any execution* for money or tobacco;" that doubt is removed by the provision in relation to escapes, which can apply only to cases where the party was held under an execution against the body.

This provision as to poundage, is modified by a subsequent act of 1790, ch. 59, sec. 2, which declares, that instead of the poundage fees to the sheriff by the act of 1779, he be allowed only at the rate of seven and a half per centum for the first ten pounds, and at the rate of three per centum for the residue; and this is the rate at which the marshal has charged his poundage in the present case.

Although the right of the marshal to poundage on a capias ad satisfaciendum, is clearly established by these laws; yet they are silent with respect to the party who is liable to him for the payment thereof.

In the case of Fisher v. Beatty, 3 Har. and M'Hen. 148, in the court of appeals of Maryland, the question was made, whether on an execution the defendant is liable to the sheriff

for his fees; and the court decided that he was not. The grounds upon which that decision rested are not stated; and in two other cases in the same court, Stewart v. Dorsey, 3 Har. and M'Hen. 401; and Madock v. Cranch, 4 Har. and M'Hen. 343, the same question arose, but accompanied with circumstances that did not call for a direct decision upon the point, though, in the latter case, the court say the fees must be paid by the person who issues the attachment. From these cases it would seem reasonable to conclude, that, in the courts in Maryland, it is held that the plaintiff in the execution, and not the defendant, is liable to the sheriff for his poundage.

If there is no statute making the defendant responsible for such poundage, it follows, as matter of course, that it must be paid by the plaintiff; and if the defendant is liable, and cannot pay, the plaintiff will be responsible. By the common law, costs are not recoverable against the opposite party; and he who requires the service to be performed, must pay all legal charges for such service. It may not, however, be amiss. to observe, that, although, from the cases referred to in the court of appeals in Maryland, it is fairly to be inferred, that, according to the construction there given to the statutes of that state on this subject, the plaintiff, and not the defendant, is liable to the sheriff for the poundage fees on a capias ad satisfaciendum; yet a contrary conclusion may well be drawn, if not necessarily implied, in the provision contained in the fourth section of the act of 1779, ch. 25, which declares, that where any writ of capias ad satisfaciendum shall issue, poundage shall in no case be demanded or taken, upon *execution of such writ*, or upon charging any person in execution by virtue of such writ, for any greater sum than the real debt bona fide due and claimed by the plaintiff, amounts to.; which sum the clerk, or the plaintiff, his agent or attorney, shall, and. are hereby obliged to make and specify, on the *back of such writ*, and no sheriff shall be obliged to execute such writ before such indorsement; and that the defendant in the execution is liable for such poundage, is strongly fortified by the recital in this section : " whereas, it often happens that small sums only remain due upon judgments given for great sums and penalties, and, nevertheless, in these cases, *upon executing* of writs of capias ad satisfaciendum, the sheriff demands and takes for his fee poundage for

the whole money for which such judgments are entered; for remedy whereof, be it enacted, &c."

But it is not necessary, in the present case, to decide whether in any, and in what cases the defendant in the execution would be liable to the marshal for his poundage fees. For, admitting the defendant to be liable; if the plaintiff releases or discharges him, and thereby deprives the marshal of all recourse to the defendant, there can be no doubt that the plaintiff would thereby make himself responsible for the poundage.

2. The next inquiry is, whether the United States, in this respect, stands upon a different footing than private parties. It is said, the United States are not included in any general statute; but that express provision must be made, or the statute cannot apply to them. But a sufficient answer to this is, that the statutes of Maryland do not, in terms, apply to individ - ls or private parties, or designate which of the parties is liable for the marshal's poundage. They only settle, that the marshal is entitled to poundage; and fix the rate of allowance. It is undoubtedly a general rule, that no court can give a direct judgment against the United States for costs, in a suit to which they are a party, either on behalf of any suitor, or any officer of the government. 12 Wheat. 550, 6 Cond. Rep. 629. But it by no means follows from this, that they are not liable for their own costs. No direct suit can be maintained against the United States. But when an action is brought by the United States, to recover money in the hands of a party, who has a legal claim against them, it would be a very rigid principle, to deny to him the right of setting up such claim in a court of justice, and turn him round to an application to congress. If the right of the party is fixed by the existing law, there can be no necessity for an application to congress, except for the purpose of remedy. And no such necessity can exist, when this right can properly be set up by way of defence, to a suit by the United States.

This rule is fully recognized by this court in the case of the United States v. Macdaniel, 7 Peters 16. That was, like this, an action brought to recover a balance, certified at the treasury, against the defendant, and he set up, by way of defence, a claim which had been rejected at the treasury, for services as agent for the payment of the navy pension fund; and to which claim this

court thought him equitably entitled. It is there said by the court, that this action is for a sum of money which happens to be in the hands of the defendant, and the question is, whether he shall be required to surrender it to the government, and then petition congress on the subject. The government seeks to recover money from the defendant, to which he is equitably entitled for services rendered. This court cannot see any right, either legal or equitable, in the government, to the money, for the recovery of which this action is brought.

If any thing more could be wanted to show how entirely unsupported the present suit is, it will be found in the discharge given by the president of the United States, of Gates, who was held in custody by the marshal, under the execution upon which the poundage is now claimed.

This discharge, directed to the marshal, after reciting that Gates had complied with the requisites of the act of the 3d of March 1817, authorised him to discharge the said Gates from his custody, and out of the prison.

This law (6 L. U. S. 247) gives to the president full power to order such discharge, upon such terms and conditions as he may think proper, and the party shall not be imprisoned again for the same debt.

The discharge in this case is absolute and unconditional, and the marshal had no authority to hold him in custody afterwards. So that, admitting Gates to have been liable for these poundage fees, the marshal's power or right to compel payment from him, was taken away by authority of the United States, the plaintiff in the suit. And the right of the marshal to claim his poundage fees, from them is thereby clearly established.

The judgment of the circuit court is accordingly affirmed.

This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of Columbia, holden in and for the county of Washington, and was argued by counsel; on consideration whereof, it is ordered and adjudged by this court, that the judgment of the said circuit court in this cause be, and the same is hereby affirmed.