ELMER C. HAMMOND, APPELLANT, V. EVERETT PATTERSON
ET AL., APPELLEES.

FILED NOVEMBER 9, 1909.   No. 15,671.

1. **Vendor and Purchaser:** FRAUD: RATIFICATION.  If a person, induced by fraud to purchase and agree to pay for real estate, subsequently, with full knowledge of the facts, treats it as his own and authorizes his vendor to act as agent for the sale thereof, he thereby ratifies the transaction and will be remitted to his action for damages.

2. ———: SUIT AGAINST VENDEE: RELIEF.  And in an equitable action by the owner of negotiable promissory notes given by the vendee for the unpaid purchase price of land, it is error to refuse plaintiff any relief if defendant's answer admits that his cash payments on the land do not amount to its value.

APPEAL from the district court for Antelope county: ANSON A. WELCH, JUDGE.  *Reversed.*

*Flansburg & Williams* and *Leonard A. Flansburg,* for appellant.

*O. A. Williams, contra.*

DEAN, J.

The plaintiff, who is appellant here, began this action, as assignee and owner of the instruments sued on, to foreclose two real estate mortgages dated July 2, 1904, by their terms purporting to have been given by Everett Patterson and his wife, Hattie, to secure the payment of their two promissory notes in the principal sum of $1,500. He alleges the notes and mortgages were regularly executed, acknowledged and delivered by Patterson and wife to his assignors, and that they were purchased by plaintiff in good faith, for value, before maturity, and in the usual course of business and without knowledge of defenses.  He also alleges failure to pay the first interest instalment, and that by the terms of the instruments sued on the whole debt thereby became due.

The defendants Patterson and wife answered jointly,

pleading failure of consideration and fraud in the procuring of the notes and mortgages, and alleging, in substance, as a defense that plaintiff is not a *bona fide* purchaser; that defendants purchased the tract of land in suit from the Button Land Company, hereinafter called the company, in pursuance of a contract of purchase entered into on January 28, 1904, between the company and Everett Patterson, and for which he agreed to pay $3,680, in payments as follows: $500 cash, $500 on or before March 1, 1904, and a deferred payment of $1,780 to become due in five years, and which was to be secured by a second mortgage on the land; that this deferred payment is represented by three notes dated January 28, 1904, which by their terms became due in five years, one being for $280, one for $500, and one for $1,000, the two last mentioned being the only notes involved in this action. The contract also provides that the purchaser is to assume and pay as a part of the purchase price one-half of a $1,800 mortgage then existing against the premises; that Patterson paid the $500 cash payment required by the terms of the contract to be paid on the date of its execution, and also the $500 that was due March 1, 1904; that when Patterson purchased the land the ground was frozen and covered with snow, and it was impossible to examine the soil, and he was therefore compelled to and did rely on the statements of Button, as agent of the owner, who went to the premises with him for the purpose of exhibiting the tract; that while on the premises Button told Patterson the land was worth more than $3,680; that it was good soil and would raise good crops; that Patterson, in reliance upon the statements of Button, purchased the farm and with his wife signed the written contract; that Button's statements concerning the value of the land were false and untrue, and were made with the sole purpose of deceiving Patterson and to induce him to purchase the land at an exorbitant price; that afterwards the defendants, on discovering the true value of the farm, refused to execute notes and mortgages

for the remainder of the consideration, and none were executed until July 2, 1904, when Button came to the home of defendants, at which time the latter informed him they were dissatisfied with their purchase, and that Button then offered to effect a resale of the place for them, and pretended to fill out and to produce for the signatures of the defendants a contract for the sale of the premises by Button, as agent and broker, and that when the defendants attempted to read the instruments so prepared Button succeeded by trickery in preventing them from doing so, and by falsehood and deceit fraudulently obtained the signatures of both Patterson and his wife to the mortgages in suit, under a pretense and upon representations made to them by Button that the instruments they were signing, and which they allege they afterwards discovered to be the mortgages sued on, were contracts for a resale of the premises by the company; that no signatures were ever witnessed or acknowledged; that plaintiff took part in all the dealings in and about the closing up of the sale of the land to the defendants, and knew at the time the notes and mortgages were taken that defendants had a good defense thereto; that the true value of the land when purchased was $1,900, and not $3,680; that the defendants have been defrauded by the false and fraudulent statements of Button and damaged in the sum of $1,780. The plaintiff's reply denied all the material allegations of new matter in the answer. The defendants had judgment of dismissal and a decree canceling the mortgages, and plaintiff appeals.

The evidence is in sharp conflict. Accepting the testimony of Patterson and his brother-in-law, Sackett, and rejecting that of the witness Button, there is sufficient support for the finding that the contract of January 28, 1904, was secured by false representations made by Button to Patterson concerning the character and quality of the soil on the farm in question. Plaintiff denies making the statements, and argues that, if they were made, they amount to opinions merely, and not statements of fact,

and, if untrue, their falsity was plainly evident when made. It appears, however, that the land at the time was frozen and covered with snow ten inches in depth, and therefore Patterson could not ascertain the quality of the soil.

In June, 1904, Button and the plaintiff appeared at the farm and secured the mortgages sought to be foreclosed in this action. If Mr. and Mrs. Patterson told the truth, the documents were secured by artifice and representations that they only authorized Button to sell the land for defendants for a greater sum than they had agreed to pay therefor. Plaintiff is related by affinity to Button and acknowledged the mortgages as a notary public. He now claims the benefit of the principle announced in *Dobbins v. Oberman,* 17 Neb. 163. It seems to us that the court would have been justified in finding for plaintiff upon this issue, but we cannot say that there is no evidence to uphold its finding that plaintiff is not an innocent purchaser of the notes in suit. Defendants contend that the deed to them for this land has not been delivered; but, if such is the fact, the contract is still in existence and secures the payment of whatever may be justly due the owner and holder of the notes in suit. The defendant Everett Patterson has only paid $1,500 cash for the land. In his answer he admits that the farm is worth $1,900 and it may be more valuable. The evidence upon this point is exceedingly unsatisfactory, so much so that we do not care to make a finding upon the issue. In any event, according to the pleadings, there is $400 of the purchase money unpaid if defendants are allowed to recoup their total claim for damages against the unpaid purchase price. The court therefore ought not to have dismissed the petition without finding the amount still due and making that sum a lien on the premises.

The judgment of the district court, therefore, is reversed and the cause remanded for further proceedings.

REVERSED.