HERMAN J. KAUP ET AL., APPELLEES, V. HENRY SCHIN-STOCK ET AL., APPELLANTS.

FILED DECEMBER 10, 1910.    No. 16,162.

1. **Vendor and Purchaser:** FRAUD: REMEDIES. Persons induced by fraud to purchase and agree to pay for real estate may, if they act promptly after discovering the facts, rescind the contract or may retain the land and, within the time limited by statute,

maintain an action against the vendors for damages, or, whenever sued by their vendors to recover the price for which the land was sold, may plead such damages by way of recoupment.

2. Limitation of Actions: FRAUD. An action to recover damages for the defendants' alleged fraud is barred by the statute of limitations, if not commenced within four years of the date the plaintiff first discovered the fraud.

3. ———: ———: ACTION BY PURCHASER. An action prosecuted by the vendees for the cancelation of their overdue notes and a mortgage executed as part consideration for land they were induced to purchase from the defendants by reason of the latter's fraud, for the alleged reason that the amount of the plaintiffs' damages added to the money paid upon the mortgage equals or exceeds that debt, is in effect an action to recover damages for fraud, and cannot be maintained if commenced more than four years after the discovery of that fraud, and the defendants do not ask affirmative relief, but plead the statute of limitations as a defense.

4. ———: ———: ———. In such an action, so much of the relief as relates to quieting the plaintiffs' title as against the mortgage is incidental to the main object of the suit, and does not bring the case within the rule announced in *Dringman v. Keith*, 86 Neb. 476.

5. ———: RECOUPMENT. While the action, *supra*, cannot be maintained, the vendees may set up, by way of recoupment, their damages in any action prosecuted by the payees of said note, or any person claiming title to those instruments, to recover thereon or to foreclose said mortgage.

APPEAL from the district court for Holt county: WILLIAM H. WESTOVER, JUDGE. *Reversed with directions.*

*F. D. Hunker, A. R. Oleson* and *R. R. Dickson,* for appellants.

*R. M. Johnson* and *M. F. Harrington, contra.*

ROOT, J.

This is an action to cancel two notes and a mortgage. The plaintiffs prevailed, and the defendants appeal.

In 1902 the parties to this action resided in Cuming county, and had been intimately acquainted for years. In

December of that year the defendants, for the consideration of $23,040, sold to the plaintiffs a ranch containing about 2,000 acres of land situated in Holt county. In March, 1903, the plaintiffs paid the defendants $9,940 in cash, and in May gave them three promissory notes, two for $5,000 each and one for $3,100. The notes were secured by a mortgage on the land conveyed. Subsequently the plaintiffs paid the $3,100 note and two years interest upon the $10,000. This action was commenced in April, 1908. The substance of the plaintiffs' complaint is that they were unacquainted with the ranch and it was covered with snow when they inspected it; that the defendants falsely and fraudulently misrepresented the quality of the soil and the amount of hay previously cut from the meadows upon the ranch, the number of cattle sustained thereon in preceding years, the boundaries of the ranch, and further falsely stated that tracts of land, to which they had no title, were included in the descriptions set forth in the deed, and misrepresented the value of the land. The defendants answered, denying all charges of fraud, and pleaded the four-years statute of limitations.

Giving the plaintiffs the benefit of every doubt, they must have discovered the defendants' fraud in the fall of 1903, certainly before March in 1904. Notwithstanding this fact they made no complaint concerning their plight, but in September, 1907, wrote the defendants promising to pay the $10,000 then unpaid upon the mortgage debt. The plaintiffs in explanation of their conduct testify they did not know until shortly before this action was commenced that they had any remedy, but having signed the notes thought they were compelled to pay them. We are not inclined to challenge the good faith of this testimony, but do not think it will relieve the plaintiffs from the legal consequences flowing from their long acquiescence in the transaction referred to in their petition. Assuming for the sake of argument that the plaintiffs were defrauded, they had an option, upon discovering the facts, to rescind the transaction or maintain an action for damages. By

selling and conveying a part of the property and in other ways treating it as their own for many years, the plaintiffs waived the right to rescind, but they still had a right, within the period fixed by the statute of limitations, to prosecute an action at law to recover their damages. *Hammond v. Patterson*, 85 Neb. 362. Section 12 of the code provides that an action for relief for fraud must be commenced within four years of the discovery by the plaintiff of that fraud. *Bank of Miller v. Moore*, 81 Neb. 566. The plaintiffs have a further right to recoup their damages should an action be commenced upon the notes or to foreclose the mortgage. *Dwinell v. Watkins*, 86 Neb. 740; *Avery v. Brown*, 31 Conn. 398; *Burroughs v. Clancey*, 53 Ill. 30; *Moberly v. Alexander*, 19 Ia. 162; *Allen v. Shackelton*, 15 Ohio St. 145; *Pierce v. Tiersch*, 40 Ohio St. 168. And the statute of limitations will not bar the defense of recoupment. *Morrow v. Hanson*, 9 Ga. 398; Wood, Limitations (3d ed.) sec. 282. At the time this section was commenced the notes were long past due, held by the payees, and cannot now be transferred free from any equities existing between the original parties. *Davis v. Neligh*, 7 Neb. 78; *First Nat. Bank v. Security Nat. Bank*, 34 Neb. 71; *Wilbur v. Jeep*, 37 Neb. 604; *May v. First Nat. Bank*, 74 Neb. 251.

In *Erickson v. First Nat. Bank*, 44 Neb. 622, we held that, if a maker or purported maker of a note has an absolute defense thereto in whosoever's hands it might appear, a court of equity should not enjoin the collection or transfer of the bill. The plaintiffs' counsel, however, argue that in the instant case the mortgage creates a cloud upon their clients' title to the ranch, and therefore equity should take jurisdiction of their complaint and cancel the notes and mortgage. The plaintiffs, however, do not ask the court to place all parties *in statu quo;* they do not contend the mortgage was void in its inception, but admit it was a valid lien to secure the payment of the $3,100 note; they do not say they have paid the $5,000 notes according to their tenor, but ask us to find and say, from a con-

sideration of the conflicting testimony of 45 witnesses, that the defendants should be mulcted in the sum of $10,- 000 damages by the cancelation of these instruments. We do not say that a jury's finding of so much damage upon the evidence before us should not be sustained, nor do we say a verdict for a smaller sum would be ag: st the weight of that evidence. It is true that the court would be compelled to weigh the evidence, if offered in support of a plea of recoupment in an action to foreclose the mortgage, but in that event the court would acquire jurisdiction by the commencement of an action that could only be maintained in equity, and a court of equity having once rightfully obtained jurisdiction of the case would settle all controversies between the parties with respect to the subject matter of the litigation. We have been cited no authorities to sustain the right of the plaintiffs, at a time when their action to recover damages is barred by the statute of limitations, to equitable relief in an action which contemplates they should hold the property and pay about four-twelfths of the purchase price by the application of their damages thereto. In *Burckhardt v. Burckhardt*, 36 Ohio St. 261, 280, Judge White in discussing the proposition says no such right exists. The proposition was not necessarily involved in the case, but the statement is entitled to some consideration.

This action is primarily one to recover damages, and should have been commenced within four years of the time the plaintiffs discovered the facts. Having failed to act within the time limited by law, the plaintiffs must wait until an attempt is made to foreclose the mortgage or to recover upon the notes.

The judgment of the district court, therefore, is reversed and the cause remanded, with directions to dismiss the action without prejudice to the plaintiffs' defense of recoupment in any action prosecuted upon the notes or the mortgage described in this action.

**JUDGMENT ACCORDINGLY.**