## UNITED STATES v. NORVELL et al.

District Court, W. D. Louisiana, Shreveport Division.   May 13, 1927.

### No. 1167.

**1. Set-off and counterclaim ⬤⟿24—There must be a legal obligation as basis for set-off.**

Ordinarily, in order to apply the principles of set-off, there must be some lawful obligation due the one asserting it from the person to whom it is sought to be applied.

**2. Costs ⬤⟿270—Appellant, successful on appeal in case to which government is party, cannot set off costs of appeal against costs due in trial court.**

Costs expended by defendants in a suit by the United States in a successful appeal cannot be set off against costs due from them to the clerk of the trial court.

In Equity. Suit by the United States against B. R. Norvell and others. On rule by defendants to tax costs. Costs taxed against defendants.

Philip H. Mecom, of Shreveport, La., for the United States.

S. L. Herold, of Shreveport, La., for respondents.

DAWKINS, District Judge. Solicitors for the defendants herein have filed a rule to tax costs, in which, and in the stipulation of facts submitted, it is admitted that there is due to the clerk of this court the sum of $273.89 as costs incurred in said cause. As against this, movers seek to offset costs paid by them in prosecuting appeals to the Supreme Court of the United States, in which that tribunal modified the decrees of the lower court in their favor. Plaintiffs in motion contend that, since they expended more in the way of costs in prosecuting said appeals, they should now be permitted in an accounting to have credit therefor as against the costs of the district court. The costs incurred by them on appeal aggregate $303.90, or more than is due to the clerk of this court.

It is conceded by defendants that the United States is not liable for costs, and the sums expended in the Supreme Court could not be collected from it, notwithstanding the result of the appeals; but it is argued that, since the government is to be treated as all other litigants, and the proceedings on appeal were merely a continuation of the same cases, being but another step therein, they should be permitted in justice and equity to plead those costs against the claims of the United States for costs due the officers of this court, and of which the government is the beneficiary under the present law.

As pointed out by the Supreme Court of the United States in the case of Gulf Refining Co. v. United States, 269 U. S. 139, 46 S. Ct. 52, 70 L. Ed. 195, since the placing of clerks, etc., on a salary basis (chapter 49, 40 Stat. 1182, amended by chapter 46, 41 Stat. 1099 [Comp. St. § 1385a]), the government pays the salaries "and steps into the shoes" of the officers in respect thereto. In other words, "all fees and emoluments authorized by law * * * shall be charged

as heretofore, * * * collected * * * and paid into the Treasury of the United States," and when so earned by those officers through services performed for litigants belong to the government. Being the property of the government, I know of no authority by which they can be taken away.

[1, 2] Ordinarily, in order to apply the principles of set-off, there must be some lawful obligation due the one asserting it against the person as to whom it is sought to be applied. However, as before stated, it is conceded that there is no liability upon the part of the government for costs of any kind, and hence there is no obligation due by it to the defendants, or any one else, to offset the amount owing to it through the services of the officers of the District Court. See Pine River Co. v. U. S., 186 U. S. 296, 22 S. Ct. 920, 46 L. Ed. 1164; Stanley v. Schwalby, 162 U. S. 255, 16 S. Ct. 754, 40 L. Ed. 960; U. S. v. Ringgold, 8 Pet. 150, 163, 8 L. Ed. 899.

I am of the opinion, therefore, that the costs of this court will have to be paid by the defendants. A decree in accordance with these views may be presented.