**CROSSETT LUMBER CO. et al. v. UNITED STATES.**

No. 10713.

Circuit Court of Appeals, Eighth Circuit.

Feb. 8, 1937.

J. E. Gaughan, of Camden, Ark. (Gaughan, Sifford, Godwin & Gaughan, of Camden, Ark., on the brief), for appellants.

Lester L. Gibson, Sp. Asst. to Atty. Gen. (Robert H. Jackson, Asst. Atty. Gen., Sewall Key and J. Louis Monarch, Sp. Assts. to Atty. Gen., and Clinton R. Barry, U. S. Atty., and John E. Harris, Asst. U.

S. Atty, both of Fort Smith, Ark, on the brief), for the United States.

Before GARDNER, THOMAS, and FARIS, Circuit Judges.

THOMAS, Circuit Judge.

This suit was brought in the court below by the taxpayer appellant as plaintiff to recover $6,548.42 as an overassessment of income tax for the fiscal year ending November 20, 1927. The action was tried to the court without a jury upon a stipulation of facts. From a judgment in favor of the appellee the plaintiff appeals.

The court adopted the facts as stipulated as its findings. From such findings it appears that the Commissioner of Internal Revenue erred in determining the value of the plaintiff's inventory of November 30, 1926. This had the effect of decreasing appellant's taxable income in 1926 and increasing it in 1927. As a result thereof the sum of $6,528.21 was credited to the appellant by the Commissioner on January 19, 1931, against a 1924 deficiency. As a further result of the erroneous valuation the appellant paid the tax now sought to be recovered. On November 2, 1931, within two years after the Commissioner's erroneous refund, the appellant filed with the Commissioner its claim for refund for the fiscal period ending November 20, 1927. In the refund claim the appellant contended that failure of the Commissioner to revise the inventory of November 30, 1926, as was done for other years, was inconsistent and erroneous and should be increased in a stated amount. The claim filed by appellant contains the following statements:

"The above item is claimed primarily to protect the company's rights in the event that the United States should ever bring suit on the theory that any part of the 1926 overassessment credited against a 1924 deficiency of Crossett Lumber Company on or about January 19, 1931, was an erroneous refund within the meaning of section 610 of the Revenue Act of 1928. The company does not intend to pursue this claim for a reduction of $48,506.84 in 1927 income provided that within the period of limitations in its favor on this item there continue as to the various signatories of this claim for refund the relations with the Bureau that have existed in the past as to settlements of tax controversies without resort to the Board of Tax Appeals or the Courts.

"This claim is not to be construed as reviving a right to assess or collect any 1926 tax now barred by the Statute of Limitations; but if in any proceeding as to 1926 tax the United States should allege that the lumber inventory at November 30, 1926, amounted to more than $441,288.00 claim is hereby made that such larger amount be used in determination of 1927 taxable income."

No suit was instituted by the United States within the period provided by section 610 of the Revenue Act of 1928 (26 U.S.C.A. § 1646 (a, b) for the recovery of the erroneous refund. But on June 19, 1934, after the time in which the Government might have sued, this suit was instituted by the Crossett Lumber Company. The United States answered alleging that because of the foregoing representations, set out in the refund claim by the appellant, it had neglected to make demand for the erroneous refund, and that the appellant should, therefore, be estopped from recovery; and, further, that on account of the representations of the appellant the defendant was entitled to recoupment and set-off. The trial court found for the appellee on the theory of estoppel, apparently not passing upon the right of recoupment.

The stipulation of fact pertaining to the action of the United States is as follows: "No suit or proceeding was instituted by the United States within the period provided by section 610 of the Revenue Act of 1928 for the recovery of that part of the erroneous refund and/or overassessment for the year 1926 admitted to be erroneous and credited by the Commissioner of Internal Revenue against a 1924 deficiency of Crossett Lumber Company on or about January 19, 1931."

The appellee in this case pleaded estoppel. By so doing it drew upon itself the burden of establishing affirmatively the facts in support thereof. Helvering v. Brooklyn City Railroad Co. (C.C.A.2) 72 F.(2d) 274; Brewerton v. United States (Ct.Cl.) 9 F.Supp. 503. Whether the statement in the claim was such that the Commissioner was justified in relying on the same need not be determined. There is no statement in the stipulation of fact to the effect that in reliance upon such representation the Commissioner failed to take action to recover the erroneous refund. The reason of his inaction is left purely to conjecture. "One who pleads an estoppel in

pais must be able to show among other things that he relied on the conduct of the person against whom he is urging the estoppel." Washington L. & T. Co. v. Convention of P. E. Church, 54 App.D.C. 14, 293 F. 833, 838, 839, 34 A.L.R. 913. The Government in this case therefore failed affirmatively to show one of the necessary elements of estoppel.

■ It does not follow, however, that the judgment of the court below must be reversed. A just judgment which is warranted by the record and facts will not be overthrown because it was based on the wrong reason. Baker v. Kaiser (C.C.A.8) 126 F. 317, 319; Smiley v. Barker (C.C.A. 8) 83 F. 684, 687. In this case the Government set up the defense of recoupment; so, if the facts in the case clearly support that defense, the judgment may stand.

■ The ordinary subject-matter of recoupment is a claim arising directly from the particular contract sued upon. Familiar examples are where the defendant in an action to recover the purchase price of goods sold with warranty sets up in defense a breach of warranty, C. Aultman & Co. v. Torrey, 55 Minn. 492, 57 N.W. 211, or where in an action to foreclose a purchase money mortgage the defendant recoups because of the vendor's fraud in inducing the purchase. Kaup v. Schinstock, 88 Neb. 95, 129 N.W. 184; Williams v. Neely (C.C.A.8) 134 F. 1, 69 L.R.A. 232. Recoupment, however, is not necessarily so limited. In Ward v. Alpine Tp., 204 Mich. 619, 171 N.W. 446, 450, in an action in assumpsit against a township for the conversion of materials which had been furnished by plaintiff in the construction of a bridge, it was held that the defendant could recoup for damages sustained by reason of the plaintiff's nonperformance of the contract. That case contains the following quotation from Waterman on Set-off and Recoupment (2d Ed.) p. 480, as to how recoupment is distinguished from set-off: "First, in being confined to matters arising out of, and connected with, the transaction or contract upon which the suit is brought; second, in having no regard to whether or not such matter be liquidated or unliquidated; and third, that the judgment is not the subject of statutory regulation, but controlled by the rules of the common law. * * * It is sufficient that the counterclaims arise out of the same subject-matter, and that they are susceptible of adjustment in one action."

■■ Further, the equitable basis for the doctrine of recoupment has peculiar application to actions to recover taxes. The basis of the doctrine is that principle of natural justice which denounces a claim as unjust, immoral, and fraudulent when the claimant is at the same time wrongfully withholding money which in equity belongs to the other party. An action to recover taxes is in the nature of an action for money had and received. Although in form it is an action at law, it is governed by equitable principles. Champ Spring Co. v. United States (C.C.A.8) 47 F.(2d) 1; Hartwell Mills v. Rose (C.C.A.5) 61 F. (2d) 441; Rose v. McEachern (C.C.A.5) 86 F.(2d) 231; United States v. Jefferson Electric Co., 291 U.S. 386, 54 S.Ct. 443, 78 L.Ed. 859. In such an action a plaintiff cannot recover unless he can show that in equity and good conscience he is entitled, as against the defendant, to the money. Such an action "aims at the abstract justice of the case, and looks solely to the inquiry, whether the defendant holds money, which ex æquo et bono belongs to the plaintiff." Claflin v. Godfrey, 21 Pick. (38 Mass.) 1, 6, quoted with approval in the Jefferson Electric Co. Case, supra. In this case the appellant has failed to establish such an equitable right to recover.

In Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 699, 79 L.Ed. 1421, it appears that Bull, a member of a partnership, died February 13, 1920. Profits accruing to his estate from the partnership business for the period from the decedent's death to the end of 1920 were $212,718.79. This sum was erroneously made the basis of an estate tax and paid by the executor. Thereafter the Commissioner correctly determined that this sum should have been the basis of an income tax. The executor appealed to the Board of Tax Appeals from the proposed income tax deficiency. 7 B.T.A. 993. His appeal was dismissed April 9, 1928. It was then too late to file a claim for refund for overpayment of the estate tax arising from the error of including in the estate tax its share of firm profits. The executor paid the income tax so assessed under protest on April 14, 1928, and, after having his claim for refund rejected, brought an action in the Court of Claims on September 16, 1930, to recover the same. 6 F.Supp. 141. The Court of Claims found against the taxpayer on the ground that the claim was barred by the statute of limitations. On certiorari to the Supreme Court the judgment of the Court of Claims

was reversed. The court stated the taxpayer's predicament thus: "The fact that the petitioner relied on the Commissioner's assessment for estate tax, and believed the inconsistent claim of deficiency of income tax was of no force, cannot avail to toll the statute of limitations, which forbade the bringing of any action in 1930 for refund of the estate tax payments made in 1921. As the income tax was properly collected, suit for the recovery of any part of the amount paid on that account was futile. Upon what theory, then, may the petitioner obtain redress in the present action for the unlawful retention of the money of the estate?"

The court answered the inquiry in the following language:

"In a proceeding for the collection of estate tax, the United States through a palpable mistake took more than it was entitled to. Retention of the money was against morality and conscience. But claim for refund or credit was not presented or action instituted for restitution within the period fixed by the statute of limitations. If nothing further had occurred, congressional action would have been the sole avenue of redress.

"In July, 1925, the government brought a new proceeding arising out of the same transaction involved in the earlier proceeding. This time however, its claim was for income tax. The taxpayer opposed payment in full, by demanding recoupment of the amount mistakenly collected as estate tax and wrongfully retained. Had the government instituted an action at law, the defense would have been good. The United States, we have held, cannot, as against the claim of an innocent party, hold his money which has gone into its treasury by means of the fraud of their agent. United States v. State Bank, 96 U.S. 30, 24 L.Ed. 647. While here the money was taken through mistake without any element of fraud, the unjust detention is immoral and amounts in law to a fraud on the taxpayer's rights. What was said in the State Bank Case applies with equal force to this situation. 'An action will lie whenever the defendant has received money which is the property of the plaintiff, and which the defendant is obliged by natural justice and equity to refund. The form of the indebtedness or the mode in which it was incurred is immaterial. * * * In these cases (cited in the opinion), and many others that might be cited,

the rules of law applicable to individuals were applied to the United States.' 96 U.S. 30, at pages 35, 36 [24 L.Ed. 647]. A claim for recovery of money so held may not only be the subject of a suit in the Court of Claims, as shown by the authority referred to, but may be used by way of recoupment and credit in an action by the United States arising out of the same transaction. United States v. Macdaniel, 7 Pet. 1, 16, 17, 8 L.Ed. 587; United States v. Ringgold, 8 Pet. 150, 163, 164, 8 L.Ed. 899. * * * If the claim for income tax deficiency had been the subject of a suit, any counter demand for recoupment of the overpayment of estate tax could have been asserted by way of defense and credit obtained, notwithstanding the statute of limitations had barred an independent suit against the government therefor. This is because recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded. Such a defense is never barred by the statute of limitations so long as the main action itself is timely."

In the case at bar one act, the erroneous valuation of the inventory of November 30, 1926, set in motion a course of events resulting in the erroneous refund to the taxpayer on one hand, and an overassessment in his favor on the other. Had the Government, within the time limited, brought an action to recover the refund, made erroneous by the inventory, the taxpayer could have set up by way of defense its overpayment of income tax of the following year, induced by the same erroneous inventory. There is as direct connection in this case between income taxes paid in successive years based upon a single erroneous inventory as there was between the estate tax erroneously determined and income tax correctly determined on the same item in Bull v. United States, supra. That being the situation, it is immaterial that the parties are reversed and the taxpayer is bringing the suit. In Bull v. United States, 295 U.S. 247, at page 262, 55 S.Ct. 695, 701, 79 L.Ed. 1421, the court said: "The circumstance that both claims, the one for estate tax and the other for income tax, were prosecuted to judgment and execution in summary form does not obscure the fact that in substance the proceedings were actions to collect debts alleged to be due the United States. It is immaterial that in the second case, owing to the summary nature of the remedy, the taxpayer was required to pay the tax and

934

afterwards seek refundment. This procedural requirement does not obliterate his substantial right to rely on his cross-demand for credit of the amount which, if the United States had sued him for income tax, he could have recouped against his liability on that score."

Neither is it material in the instant case that the action by the appellant was delayed until the Government's right of action was tolled. "Such a defense is never barred by the statute of limitations so long as the main action itself is timely." Bull v. United States, 295 U.S. 247, at page 262, 55 S.Ct. 695, 700, 79 L.Ed. 1421.

Applying the foregoing principles to the facts stipulated, recovery by the plaintiff even in its action at law must be denied. The judgment appealed from is, therefore, affirmed.