## PULITZER PUB. CO. v. CURRENT NEWS FEATURES, Inc.

### No. 10990.

Circuit Court of Appeals, Eighth Circuit.

Feb. 7, 1938.

Rehearing Denied March 3, 1938.

J. Porter Henry, of St. Louis, Mo. (Green, Henry & Remmers and John Raeburn Green, all of St. Louis, Mo., on the brief), for appellant.

J. M. Blayney, of St. Louis, Mo. (William S. Bedal, Harold S. Cook, and Eliot, Blayney & Bedal, all of St. Louis, Mo., on the brief), for appellee.

Before STONE, GARDNER, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

This was an action at law brought by appellee as plaintiff to recover $4,000 from appellant. Plaintiff recovered judgment and defendant prosecutes this appeal. This is the second appeal in this case, the opinion on thé prior appeal being reported as Current News Features, Inc., v. Pulitzer Publishing Company, 8 Cir., 81 F.2d 288, where the facts are set out in considerable detail. After remand, and before the second trial, defendant amended its answer so as to pléad payment by reason of certain judgments in three prior proceedings in the circuit court of the city of St. Louis and also so as to plead estoppel in pais and estoppel by reason of the state court judgments.

To avoid confusion, we shall refer to the appellee (plaintiff below) as Current News, and to the appellant (defendant below) as publishing company.

The amount of the indebtedness was admitted, so that the issue was as to the effect of the pleaded judgments and estoppels as payment or satisfaction of the debt.

As it is claimed by appellee that appellant is precluded from urging the questions sought to be presented on this appeal by reason of the doctrine of the "law of the case," it seems necessary to restate the facts and issues presented on the prior appeal, as well as on this appeal.

On August 19, 1929, Gus O. Nations, as plaintiff, filed suit in the circuit court of the city of St. Louis, Mo., against Current News (appellee here) for $500,000 damages for libel. Garnishment process was served upon publishing company (appellant here), but no personal service of process was had upon Current News, and the plaintiff Nations attempted to serve it by publication. On October 12, 1929, publishing company filed answer as garnishee, admitting that it owed Current News $4,000. The state court ordered publishing company, as garnishee, to pay that sum into the registry of the court, after deducting $250 as its allowance for answering. On October 24, 1929, publishing com-

pany, pursuant to this order paid $3,750 into the registry of the court. Thereafter, on November 26, 1929, Current News removed the action to the federal court, but the money deposited with the clerk of the state court was not transferred. Current News then entered a special appearance in the federal court and filed a motion to quash the service and the return thereof and to quash the order of publication, and also filed a plea to the jurisdiction. The prayer of the motion asked the court to quash the service and the return thereof, and to quash the order of publication and dissolve the attachment, and upon the court so doing, that it order and direct the clerk of the state court to pay to the marshal of the United States District Court the sum of $3,750, with accrued interest, and that the marshal, upon receipt thereof, pay it to Current News, or its attorneys of record.

On September 15, 1930, the court sustained the motion to quash and sustained the plea to the jurisdiction. It made no order, however, concerning the money still deposited with the clerk of the state court. On the day following the entry of the order quashing the service of attachment and sustaining the plea to the court's jurisdiction, Nations commenced a second libel suit in the circuit court of the city of St. Louis against Current News. In this second action Current News was served by publication, and also by substituted service in the District of Columbia upon James L. Bray, erroneously alleged to be its secretary. A writ of attachment issued and under it John Schmoll personally was served as garnishee of Current News. He filed his answer as garnishee, in which he denied that he had in his possession any property of Current News or that he was indebted to it, but stated the facts with respect to the deposit of $3,750 by publishing company, the sustaining of the motion to quash service and the sustaining of the plea to the jurisdiction of the United States Court; that he was the qualified and acting clerk of the circuit court of the city of St. Louis and in that capacity had received the $3,750; that the money was on deposit in the registry of the court and that he was ready to pay the sum so held to whomever the court might order; that he did not hold any sum whatever in his individual capacity belonging to Current News.

On application by Nations, Schmoll was ordered to pay $3,750 into the regis-try of the court, which order was complied with. On the same day a motion by Nations to impound the fund was sustained. Default judgment was entered February 24, 1931, in favor of Nations for $3,000, and the clerk was ordered to pay that sum to him and to pay the balance to Current News.

Before the entry of the judgment in the second action, Nations commenced a third action for libel by attachment against Current News. In this third action, substituted service was made in the District of Columbia upon James L. Bray, erroneously alleged to be secretary of Current News. On April 20, 1931, under default judgment in this third action and under similar garnishment proceedings against Schmoll personally and a similar answer by him as garnishee, the circuit court of the city of St. Louis ordered him to pay Nations the balance of the deposit in his hands, which was done.

The attorneys for Current News had knowledge of the proceedings taken in these last two actions, but it made no appearance of any kind in them.

On these facts, all of which were stipulated, the first trial in the lower court was had and resulted in a judgment for Current News in the sum of $250. Current News appealed to this court, and we reversed the judgment and remanded the cause to the lower court for further proceedings not inconsistent with our opinion.

In reversing the lower court, we decided: (1) There was no estoppel in pais against Current News to deny that the money in the registry of the state court was its money because of the prayer in the motion to quash, which asked that the money be paid to the marshal and that he pay it to Current News; (2) the publishing company was not in position to take advantage of any holding in the subsequent actions in the state court because, it was not a party thereto; and (3) there was no basis for an estoppel in any act of Current News.

After remand, publishing company, having amended its answer so as to set up both estoppel by judgment and estoppel in pais, introduced the evidence offered and considered in the first trial, and both parties introduced additional evidence bearing on the question of estoppel in pais.

The lower court made elaborate special findings of fact, of which those numbered 16, 17, and 19 are specifically challenged by publishing company as not sustained by the evidence, and others are challenged in so far as inconsistent with estoppel and payment. In No. 16, the court found that after the motion to quash and plea to the jurisdiction had been sustained in the first action, both plaintiff and defendant, in subsequent dealings, recognized that the $3,750 which had been paid into the registry of the state court belonged to publishing company. In No. 17, the court found the evidence insufficient to show that Current News took any action which prevented or tended to prevent the publishing company from recovering the $3,-750, which it had paid into the registry of the state court. In No. 19, the court found that although Current News, in its motion to quash and its plea to the jurisdiction in the first action, requested an order on the clerk of the state court to pay the money in the registry of that court to the United States marshal, and that he be ordered in turn to turn it over to Current News, there was no evidence that the publishing company knew of the prayers in these motions or relied upon them, or that it was misled thereby to its prejudice, and that there was no evidence that the publishing company could not have proceeded at any time after the motion to quash and the plea to the jurisdiction were sustained to recover the money still in the registry of the state court, and there was no evidence that any act of Current News misled the publishing company or tended to prevent it from so proceeding.

On the present appeal reversal is sought on the grounds that: (1) The judgments of the state court against Schmoll as garnishee of Current News constituted an adjudication of ownership of the fund by Current News; (2) publishing company was a privy to the judgments against Schmoll because he held the funds as bailee or agent of publishing company, and having knowledge of the proceedings against the bailee or agent, the bailor or principal is bound by judgments rendered therein; (3) Current News is bound by a quasi estoppel and cannot deny that the funds belonged to it; (4) there was actual payment to Schmoll as implied agent of Current News.

In the first opinion it was held that publishing company was not in a position to take advantage of any adjudications by the state court in the second and third actions because it was not a party to them. This, we think, is a correct statement of the law here now applicable, and hence, we put aside as unnecessary for determination, the contention that this issue was not properly before us for adjudication on the former appeal, and that therefore the rule of the law of the case cannot properly be invoked.

Appellant now presents two contentions that were not expressly passed on on the first appeal, and these we shall examine without deciding whether, under the rule of the law of the case, the prior opinion should now preclude appellant from urging them.

First, it is urged that the proceedings were quasi in rem, resulting in judgments as to title, and hence were conclusive on Current News. The conclusiveness of the judgments as an estoppel, however, would depend on the jurisdiction of the state court to render them. As stated in the first opinion, "It seems clear from the foregoing stipulated facts as to the second state court suit that jurisdiction in that suit was predicated upon the facts being established (1) that the money, $3,750, then being in the registry of the state circuit court, was the property of the News Company; and (2) was subject to attachment by way of garnishment by service of papers upon John Schmoll, personally, who, however, was clerk of said state circuit court."

Current News is a Delaware corporation and jurisdiction was sought to be acquired over it or its property by constructive service under the provisions of sections 739 and 747, Revised Statutes of Missouri 1929, Mo.St.Ann. §§ 739, 747, pp. 959, 970. There having been no appearance, jurisdiction to render judgment against the property was dependent upon a seizure of Current News' property. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565; Bank of Jasper v. First Nat. Bank, 258 U.S. 112, 42 S.Ct. 202, 66 L.Ed. 490; Wilson v. St. Louis & S. F. Ry. Co., 108 Mo. 588, 18 S.W. 286, 32 Am.St.Rep. 624; Beyer v. Trust Co., 63 Mo.App. 521. Regardless of the title or ownership of the money that had been deposited in the registry of the state court, it is clear that Schmoll individually did not have the custody or possession of this money, and hence, no money was actually seized or

levied upon by the garnishment proceedings. This was sufficient to defeat the jurisdiction of the state court to render any judgment effective against these funds. Certainly, in the absence of controlling evidence that the money belonged to Current News, the judgments of the state court were void for want of jurisdiction.

■ It cannot be successfully contended by publishing company that it was in privity with Schmoll, the garnishee, in the second and third actions, on the theory that he held as its agent or bailee, and it must be remembered, as above noted, that Schmoll was served in garnishment as an individual, and not as clerk of the circuit court of the city of St. Louis. But without determining the exact relationship of Schmoll to publishing company, it is apparent that whether he was its debtor, agent, or bailee, did not create any interest in Current News in the fund or debt, and conceding privity for the sake of argument, the judgments, being void as to Current News for want of jurisdiction, created no rights or liabilities against it and were ineffectual as an adjudication that it had any interest in the fund. Bank of Jasper v. First Nat. Bank, supra. Payment or deposit of money by a debtor with an unauthorized person cannot change the personal right of a creditor against the debtor into a lien or claim on the fund. Freeman on Judgments, 5th Ed., § 1522.

Appellant urges the doctrine of quasi estoppel, or estoppel by election. The doctrine is stated in Rothschild v. Title Guarantee & Trust Co., 204 N.Y. 458, 97 N.E. 879, 881, 41 L.R.A.,N.S., 740, as follows:

"When a party with full knowledge, or with sufficient notice of his rights and of all the material facts, freely does what amounts to a recognition or adoption of a contract or transaction as existing, or acts in a manner inconsistent with its repudiation, and so as to affect or interfere with the relations and situation of the parties, he acquiesces in and assents to it and is equitably estopped from impeaching it, although it was originally void or voidable."

The court made findings that Current News was not estopped, and the question is whether these findings are sustained or warranted by the evidence. Mr. John F. Green, of the law firm of Judson, Green, Henry & Remmers, represented publishing company up to the time of his death and had personal charge of this matter. His secretary, at his request, kept in his office docket book a record of the docket entries in the federal court after removal, and called to his attention the entries of the court minutes as they appeared in the St. Louis Daily Record. Mr. Bedal, one of the attorneys for Current News, conferred with Mr. Green as to evidence on the motion to quash, and Mr. Bedal conferred with the employees of publishing company as to the method of service. The lower court made elaborate findings of fact relative to these matters, and found that the purpose "was to show that the attempted service of the notice of garnishment on Publishing Company was invalid and void." This refers to the first action. Before the motion to quash was sustained, Mr. Bedal insisted that the money in Schmoll's possession belonged to Current News, and told him not to pay it to Nations. Mr. Green, after the motion to quash had been sustained, instructed Schmoll to hold the money as it belonged to Current News and Nations had no right to attach it. On September 25, 1930, after the motion to quash was sustained, Mr. Bedal talked with Mr. Green at the latter's office. Mr. Bedal suggested that publishing company pay Current News $3,750 and have Current News give an indemnity bond to publishing company, and have Current News, at its own expense, sue to get the money on deposit with Schmoll in the name of publishing company. This plan was later disapproved by publishing company, although recommended by Mr. Green. On November 1, 1930, Mr. Bedal again conferred with Mr. Green. At this meeting, Mr. Bedal proposed an assignment of the fund in Mr. Schmoll's hands to Current News, but this plan was abandoned by Mr. Bedal. On January 10, 1931, Mr. Bedal saw Mr. Green at his office and made a third proposal, suggesting that publishing company pay $3,000 instead of $3,750, and Current News would put up a surety bond guaranteeing repayment of the fund in the event that Current News could not recover the fund by suit in the name of publishing company against Schmoll. This was recommended by Mr. Green, but not accepted. After the 24th of February, 1931, when $3,000 was paid out by Mr. Schmoll, Mr. Bedal testified that he lost interest in the fund. In the conversation with Mr. Green on September 25, 1930, Mr. Bedal drew Mr. Green's

attention to a case he had found, decided by the Supreme Court of Nebraska, and told Mr. Green that in his opinion the money in the hands of the clerk (Schmoll) belonged to publishing company and not to Current News; that they were exceedingly anxious to get the money or get the claim of Current News against publishing company in a position where it would not be subject to garnishment.

■ We think there is nothing in the conference between Mr. Green and Mr. Bedal indicating any intention to release publishing company or to look to the fund in Schmoll's hands for payment. Mr. Bedal once informed Mr. Green that in his opinion the money belonged to publishing company, and on the same day, by letter, cited him the authority upon which he based his opinion. Asking publishing company for an assignment of the fund certainly indicated that it belonged to it and not to Current News. The two suggested arrangements for payment by publishing company, with a bond to indemnify it against loss, and action to recover the money from Schmoll, do not indicate that Current News regarded the money as belonging to it. The docket entries in Mr. Green's office we think quite inadequate to show that he knew that the motion to quash included a prayer that the money in the state court be turned over to the marshal of the federal court and be by him paid to Current News. Conversations of Mr. Bedal with Schmoll were not brought to appellant's notice, and hence cannot be urged as a basis for estoppel.

■ In this state of the evidence it cannot be said that the trial court's findings against the estoppel on which appellant relies are without support in the evidence. The burden of establishing affirmatively the facts in support of an estoppel rested upon appellant. Crossett Lumber Co. v. United States, 8 Cir., 87 F. 2d 930, 109 A.L.R. 1348. There being substantial evidence to sustain the court's findings, they should not be disturbed by this court. United States v. Gamble-Skogmo, Inc., 8 Cir., 91 F.2d 372; F. T. Dooley Lumber Co. v. United States, 8 Cir., 63 F.2d 384.

■ It is finally urged by publishing company that there was an actual payment by it because Mr. Bedal, attorney for Current News, after the payment was made into court, told Schmoll not to pay the money to Nations, and that the "money belongs to us." This conversation was before the removal to federal court. The time is not more definitely fixed. It may have been before Mr. Bedal was in possession of the facts, and it was not communicated to nor relied upon by appellant, nor is there any claim that by reason thereof it refrained from taking action for the restoration to it of the money in the registry of the state court. In any event, it is insufficient to show an intention on the part of Mr. Bedal or that of his client to recognize the process as valid and an acquiescence in the payment and an adoption of it as payment to Schmoll as bailee for Current News. The judgment appealed from must therefore be affirmed.