Opinion by
Mr. Justice Day.
Two writs of error are consolidated herein, Supreme Court Nos. 22197 and 22485. They were sued out to separate judgments entered in an action brought in the Boulder district court by North Denver Bank and The Colorado National Bank of Denver against Fairways Living, Inc. and Leonard Loukonen and Reino Loukonen as individuals. We will refer to the parties by name or as they appeared in the court below.
Some of the facts are not disputed. On July 19, 1963, Frank E. Eckel and the Loukonen brothers as officers of Fairways Living, Inc. and in their individual capacities executed a promissory note in the sum of $271,000 payable to North Denver Bank and due in full one year from date. The indebtedness was secured by deed of trust on certain property in Boulder County intended to be developed as a country club. A portion of the note was before maturity assigned to The Colorado National Bank.
*25 The purpose of the loan was to finance the construction of an 18-hole golf course, a club house and a water storage reservoir. Defendants obtained the construction loan on the basis of a permanent loan commitment from Capitol Federal Savings in Denver. For reasons not important here, the permanent loan was not obtained, and the defendants were unable to pay the note when it became due.
On November 16, 1965, North Denver Bank and The Colorado National Bank sought foreclosure of the deed of trust. A third party action and counterclaim were filed by the defendants. On the basis of undisputed evidence and the admission of defendants in depositions introduced into evidence, the court entered summary judgment on the suit for foreclosure, ordered the sale of the property, and reserved the other issues in the controversy between the parties for later consideration. The propriety of the summary judgment, the order permitting the foreclosure and sale of the property, is challenged in the writ of error, Supreme Court No. 22197.
On January 21, 1966, four days prior to the scheduled sale of the property by the Public Trustee, trial to the court was had on all of the controverted issues between the parties consisting primarily of the counterclaim against the plaintiffs in which it was contended that there was failure of consideration for the note and that the bank was negligent in the disbursement of the construction loan funds. Judgment was entered in favor of the bank on the promissory note. The counterclaim which was asserted as an off-set was found by the court to be without merit and was dismissed. The court also reaffirmed the summary judgment as to the foreclosure. Writ of error, Supreme Court No. 22485, is directed to the court’s judgment on issues in the trial.
SUPREME COURT No. 22197.
In this writ of error it is urged that the trial court erred in granting summary judgment for foreclosure and sale *26 of the property. The ground asserted is that the answer and counterclaim presented genuine issues as to material facts which could only be determined on a hearing on the merits.
 Defendants’ argument viewed in its most favorable light is that their counterclaim arose out of the same transaction and was therefore compulsory and should have been decided before the order decreeing foreclosure. See Crossett Lumber Co. v. United States, 87 F. 2d 930; Ellis, One Year Review of Property, 40 DENVER L. C. J. 181. The court, however, acted pursuant to R.C.P. Colo. 56 (d). If in this case it was error (a matter we need not decide) it was not prejudicial because the counterclaim was actually tried before the sale in foreclosure. The factual issues were found against the defendants and in favor of the bank. The foreclosure and sale was reaffirmed by the court finally at the conclusion of the trial; also before the sale. Thus the question as to the propriety of the summary judgment of foreclosure is moot.
SUPREME COURT No. 22485.
 The judgment entered by the court challenged by this writ of error was on disputed questions of fact involving claims of a failure of consideration, breach of agency, negligence and duress. The court on these questions resolved the facts in favor of the plaintiffs and against the defendants. The record herein supports the findings, conclusions and judgment of the trial court. By law now so well established that citation of authority is not required, a judgment entered under such circumstances will not be disturbed on review.
The judgments of the trial court are affirmed.
Mr. Chief Justice McWilliams, Mr. Justice Pringle and Mr. Justice Lee concur.