DEPARTMENT OF TRANSPORTATION
OF the STATE OF ILLINOIS,
Plaintiff,

v.

AMERICAN COMMERCIAL LINES,
INC., a Delaware corporation, and In-
land Tugs Co., a Delaware corporation,
Defendant.

No. 72 C 1771.

United States District Court,
N. D. Illinois, E. D.

Nov. 20, 1972.

Zeamore A. Ader, Special Asst. Ill. Atty. Gen., Chicago, Ill., for plaintiff.

Michael A. Snyder, Chicago, Ill., for defendants.

MEMORANDUM OPINION and
ORDER

AUSTIN, District Judge.

This suit is brought under the admiralty and maritime jurisdiction of the

court. (The complaint merely mentions F.R.Civ.P. 9(h), but presumably jurisdiction is invoked pursuant to 28 U.S.C. § 1333). Plaintiff alleges that defendants' negligent operation of its tow boat which was pushing eight barges was responsible for damage to its bob-tailed swing truss span type bridge that spans the Chicago Ship and Sanitary Canal. Inland Tug Co. (ITC) is a wholly owned subsidiary of American Commercial Lines (ACL). Both defendants have answered the complaint and ACL has filed a counterclaim. Count I of the counterclaim alleges that plaintiff was negligent in operating the bridge and asks for damages for ACL's barges. In Count II ACL alleges that because of the negligence of plaintiff the width of the left draw of the canal was reduced from 160 feet to 47 feet and remained that way for seven days. Due to that condition another tow boat and barges were detained below the bridge. The owners of that tow brought suit against American Commercial Barge Lines, Inc., a wholly owned subsidiary of ACL, in the United States District Court for the Eastern Division of Louisiana, New Orleans Division. ACL alleges it successfully defended that suit and incurred legal expenses of $7,500. Count II asks for those expenses.

Plaintiff has moved to strike and dismiss the counterclaims on the ground that they are prohibited by the eleventh amendment to the United States Constitution and the Illinois Constitution and statutes.

The recent case of Parden v. Terminal Railway, 377 U.S. 184, 186, 84 S.Ct. 1207, 1210, 12 L.Ed.2d 233 (1964), noted that a state's eleventh amendment immunity "may of course be waived; the State's freedom from suit without its consent does not protect it from a suit to which it has consented." The issue then is has the state waived its immunity.

The eleventh amendment to the United States Constitution provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Ratification of the amendment was completed on February 7, 1795. In one of the first cases to discuss that amendment, United States v. Peters, 9 U.S. (5 Cranch) 115, 139, 3 L.Ed. 53 (1809), Chief Justice Marshall noted:

The right of a state to assert, as plaintiff, any interest it may have in a subject, which forms the matter of controversy between individuals, in one of the courts of the United States, is not affected by this amendment; nor can it be so construed as to oust the court of its jurisdiction, should such claim be suggested. The amendment simply provides, that no suit shall be commenced or prosecuted against a state.

In Clark v. Barnard, 108 U.S. 436, 447–448, 2 S.Ct. 878, 883, 27 L.Ed. 780 (1883), where the assignees of a bankrupt railroad and the treasurer of the state of Rhode Island contested ownership of a certificate of indebtedness issued by the City of Boston, the Court held;

The immunity from suit belonging to a state, which is respected and protected by the constitution within the limits of the judicial power of the United States, is a personal privilege which it may waive at pleasure; so that in a suit, otherwise well brought, in which a state had sufficient interest to entitle it to become a party defendant, its appearance in a court of the United States would be a voluntary submission to its jurisdiction; while, of course, those courts are always open to it as a suitor in controversies between it and citizens of other states. In the present case the state of Rhode Island appeared in the

cause and presented and prosecuted a claim to the fund in controversy, and thereby made itself a party to the litigation to the full extent required for its complete determination. It became an actor as well as defendant, as by its intervention the proceeding became one in the nature of an interpleader, in which it became necessary to adjudicate the adverse rights of the State and the appellees to the fund, to which both claimed title.

A number of cases has cited Clark v. Barnard for the proposition that immunity can be waived. *Parden, supra,* 377 U.S. at 186, 84 S.Ct. 1207; Petty v. Tennessee-Missouri Bridge Commission, 359 U.S. 275, 276, 79 S.Ct. 785, 3 L.Ed. 2d 804 (1959); Gardner v. New Jersey, 329 U.S. 565, 574, 67 S.Ct. 467, 91 L.Ed. 504 (1947); Ford Motor Co. v. Department of Treasury of Indiana, 323 U.S. 459, 465, 65 S.Ct. 347, 89 L.Ed. 389 (1945); Great Northern Life Insurance Co. v. Read, 322 U.S. 47, 54, 64 S.Ct. 873, 88 L.Ed. 1121 (1944); Gunter v. Atlantic Coast Line Railroad, 200 U.S. 273, 284, 26 S.Ct 252, 50 L.Ed. 477 (1906).

■ This court believes that plaintiff has waived its immunity in this case. It has come into a federal court and invoked this court's jurisdiction pursuant to article III, § 2 of the United States Constitution and 28 U.S.C. § 1333. In the language of Clark v. Barnard, it has made a "voluntary submission" to the court's jurisdiction. 108 U.S. at 447, 2 S.Ct. 878. Were the court to hold otherwise, the result would at the least be inequitable and perhaps would result in a lack of a real "case" or "controversy." The complaint and the counterclaim, at least as to Count I, involve one occurrence. The only issue apparently is which party was at fault when the barges and the bridge collided. Were the counterclaim to be dismissed, plaintiff would be in the enviable position of "heads I win, tails you lose." If defendants were found to have been negligent, the plaintiff would win. If defendants were found not to have been negligent,

then presumably the accident was the fault of plaintiff's agents, yet under plaintiff's theory, defendants would not be able to recover for their loss. The court would not be able to make a "complete determination" of the case. Clark v. Barnard, supra, 108 U.S. at 448, 2 S. Ct. 878. To hold otherwise would leave the court with only half a case, raising the issue of whether it is a "case" or controversy", which are the only disputes over which this court has jurisdiction. United States Constitution article III, § 2. Therefore, this court finds that plaintiff has waived its immunity.

Plaintiff next argues that Count I of the counterclaim should be restricted to set-off and that Count II be dismissed because it is not germane to the complaint.

The law in regard to the definitions of "set-off" and "recoupment" and to the effect of allowing each seems to be unclear. Plaintiff contends that only a set-off be allowed, yet apparently it probably means recoupment. One court recently defined the terms:

> A 'set-off' is a counterdemand which a defendant holds against a plaintiff arising out of a transaction extrinsic of the plaintiff's cause of action. A counterdemand arising out of the same transaction is a 'recoupment'.

Montgomery Ward & Co. v. Robert Cagle Building Co., 265 F.Supp. 469, 470 n. 1 (S.D.Tex.1967).

Plaintiff cites Alaska v. O/S Lynn Kendall, 310 F.Supp. 433, 435 (D.Alas. 1970) for the proposition that while a counterclaim may be asserted against a sovereign by way of set-off or recoupment to defeat or diminish recovery by the sovereign, no affirmative relief may be given against the sovereign. That case relied on United States v. U. S. Fidelity & Guaranty Co., 309 U.S. 506, 511, 60 S.Ct 653, 84 L.Ed. 894 (1940), in which the Court noted that the government acknowledged the proposition that a defendant may, without statutory authority, recoup on a counterclaim an amount equal to the principal claim.

That case relied on Bull v. United States, 295 U.S. 247, 261, 55 S.Ct 695, 79 L.Ed. 1421 (1935), which in turn relied on United States v. Ringgold, 33 U.S. (8 Pet.) 150, 163–164, 8 L.Ed. 899 (1834) and United States v. Macdaniel, 32 U.S. (7 Pet.) 1, 16–17, 8 L.Ed. 587 (1833). None of those cases involved a tort action as does the instant case. Bull v. United States, *supra,* noted the case of The Siren, 74 U.S. (7 Wall.) 152, 154, 19 L.Ed. 129 (1868), in which the Court said:

> But although direct suits cannot be maintained against the United States, or against their property, yet, when the United States institute a suit, they waive their exemption so far as to allow a presentation by the defendant of set-offs, legal and equitable, to the extent of the demand or property claimed. . . . They then stand in such proceedings, with reference to the rights of defendants or claimants, precisely as private suitors, except that they are exempt from costs and from affirmative relief against them, beyond the demand or property in controversy.

That affirmative relief can be given against a sovereign up to the amount of the sovereign's claim was also noted in a case involving, as does the instant case, a collision between a state-owned bridge and a ship. The Fort Fetterman v. South Carolina State Highway Department, 261 F.2d 563, 569 (4th Cir. 1958), modified, 268 F.2d 27 (4th Cir. 1959).

In the instant case plaintiff prays for $65,684.13 for repairs to its bridge. In Count I of the counterclaim ACL prays for $9,905.44 for damage to its barges plus interest and costs. In Count II it prays for $7,500 for the defense of the previously-mentioned case in the Eastern District of Louisiana, plus interest and costs. Neither of these counts asks for an amount greater than plaintiff's prayer. This court finds that neither count of ACL's counterclaim should be dismissed on the ground of an immunity defense.

Count II of the counterclaim asks for attorney's fees expended in another case. There is no basis for such an award in this type of case.

Plaintiff's motion to strike and dismiss the counterclaim is denied as to Count I and granted as to Count II.