CPC INTERNATIONAL, INC., Plaintiff,

v.

AEROJET–GENERAL CORPORATION, Cordova Chemical Company, Cordova Chemical Company of Michigan, and Michigan Department of Natural Resources, Defendants.

UNITED STATES of America, Plaintiff,

v.

CORDOVA CHEMICAL COMPANY OF MICHIGAN, Cordova Chemical Company of California, Aerojet–General Corporation, CPC International, Inc., and Dr. Arnold C. Ott, Defendants.

CPC INTERNATIONAL, INC., Third-party Plaintiff,

v.

COMMERCIAL UNION INSURANCE COMPANY, et al., Third-party Defendants.

Nos. G89–10503 CA, G89–961 CA.

United States District Court, W.D. Michigan, S.D.

May 24, 1991.

Patrick J. Conlon, J. Michael Smith, Gordon J. Quist, Miller, Johnson, Snell & Cummiskey, Grand Rapids, Mich., Randy M. Mott, Raissa Kirk, Robert T. Lee, Stephen E. Williams, Mott, Williams & Lee, PC, Washington, D.C., William S. Wells, CPC International, Inc., Englewood Cliffs, N.J., for CPC Intern., Inc.

John D. Tully, Warner, Norcross & Judd, Grand Rapids, Mich., for Aerojet–General Corp., Cordova Chemical Co., and Cordova Chemical Co. of Michigan.

Stewart H. Freeman, Kathleen L. Cavanaugh and Eric J. Eggan, Asst. Attys. Gen., Frank J. Kelley, Atty. Gen., Environmental Protection Div., Lansing, Mich., for Michigan Dept. of Natural Resources.

## OPINION DISMISSING STATE–LAW CLAIMS AGAINST MDNR

HILLMAN, Senior District Judge.

This hazardous waste cleanup case brought under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9601 *et seq.*, is presently being tried before the court. On April 30, eight days before the beginning of trial, the Michigan Department of Natural Resources ("MDNR") moved to dismiss the state-law claims brought against it by Aerojet–General Corporation, Cordova Chemical Company and Cordova Chemical Company of Michigan ("the Cordova defendants"). For the reasons set forth here, the court grants MDNR's motion and dismisses the state-law claims pursuant to Fed.R.Civ.P. 12(b)(1) due to eleventh amendment immunity.

## BACKGROUND

This litigation began on June 2, 1989, when CPC International, Inc. ("CPC"), brought a cost recovery and contribution action under sections 107(a) and 113(f)(1) of CERCLA against the Cordova defendants and MDNR for cleanup costs associated with the contamination of a chemical manufacturing site in Dalton Township, Michigan. 42 U.S.C. §§ 9607, 9613. The United States subsequently filed a separate action against CPC, the Cordova defendants and Arnold Ott arising from the same cleanup activities, and the cases have been consolidated for trial.

As part of this litigation, MDNR filed a counterclaim against CPC and a cross-claim against the Cordova defendants. The claims, brought under sections 107(a) and 113(f)(1), seek recovery from CPC and the Cordova defendants of past and future response costs incurred by the state and contribution for any cleanup costs for which the state is held liable. 42 U.S.C. §§ 9607, 9613.

The Cordova defendants also have filed a counterclaim against CPC and cross-claims against MDNR and Arnold Ott. In addition to seeking recovery of costs under CERCLA, the Cordova defendants have brought state common-law claims of promissory estoppel, innocent misrepresentation, contract damages and specific performance against MDNR. These state claims arise from a "stipulation and consent order" signed between MDNR and Cordova Chemical Co. on October 13, 1977. The agreement set forth obligations for the parties in an effort to clean up the site at the time of Cordova Chemical Company's acquisition of the facility; it stated, in part, that "Cordova Chemical Company shall not have any responsibility or liability in connection with any other corrective actions which the Department of Natural Resources or any other governmental agency may hereafter deem necessary...."

In its April 30 motion to dismiss, MDNR contends the court lacks subject matter jurisdiction over these state-law claims due to the eleventh amendment of the U.S. Constitution. The Cordova defendants, in opposing the motion, contend that MDNR's eleventh amendment immunity has been waived by failing to raise this defense earlier in the litigation and by MDNR's filing of its CERCLA cross-claim against them.

## DISCUSSION

The eleventh amendment provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. const. amend. XI. Congress can abrogate the eleventh amendment without the states' consent in some circumstances. *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 242, 105 S.Ct. 3142, 3147, 87

L.Ed.2d 171 (1985). The Supreme Court has held that CERCLA is such a statute, and as a result, states may be sued in federal court as potentially responsible parties under CERCLA. *Pennsylvania v. Union Gas Co.*, 491 U.S. 1, 109 S.Ct. 2273, 2280, 105 L.Ed.2d 1 (1989).

The court's jurisdiction over MDNR to hear parties' CERCLA claims against it does not in itself permit the court to hear the Cordova defendants' state claims against the agency. Rather, the court must determine whether the state has consented to a waiver of its eleventh amendment immunity. *See Atascadero*, 473 U.S. at 238, 105 S.Ct. at 3145; *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984). MDNR contends it has offered no such consent.

The Cordova defendants present two primary arguments for waiver. The first is that MDNR waived eleventh amendment immunity through its conduct, specifically by participating in this litigation for nearly two years before seeking dismissal of the state-law claims on jurisdictional grounds.

■ Although MDNR did not move for dismissal until more than five months after the deadline for dispositive motions, an eleventh amendment defense may be raised at any stage of the proceedings, including on appeal. *Estate of Ritter v. Univ. of Michigan*, 851 F.2d 846, 852 (6th Cir.1988); *Allinder v. Ohio*, 808 F.2d 1180, 1184 (6th Cir.1987); *United States v. City of Menominee*, 727 F.Supp. 1110, 1117–18 (W.D.Mich.1989). In addition, consent must be in the form of unequivocal indication such as express language or an overwhelming implication that " 'leave[s] no room for any other reasonable construction.' " *Edelman v. Jordan*, 415 U.S. 651, 673, 94 S.Ct. 1347, 1360, 39 L.Ed.2d 662 (1974) (*quoting Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171, 29 S.Ct. 458, 464, 53 L.Ed. 742 (1909)).

■ Therefore, MDNR's participation in discovery, summary judgment arguments and preparation of a final pretrial order regarding the substantive issues raised by these state-law claims, though puzzling, does not itself constitute consent to federal jurisdiction necessary to waive eleventh amendment immunity. MDNR's conduct falls short of that relied upon by the Cordova defendants in citing *Gallagher v. Continental Ins. Co.*, 502 F.2d 827, 830 (10th Cir.1974), in which the state of Colorado was held to have waived eleventh amendment immunity after joining in a successful petition for removal from state court.

■ In their second principal argument for waiver, the Cordova defendants assert that MDNR has consented to jurisdiction by becoming a claimant in this litigation with its own cross-claim against the Cordova defendants and counterclaim against CPC. MDNR's decision to prosecute its own CERCLA claims, they contend, has effectively waived eleventh amendment immunity with respect to the Cordova defendants' cross-claims, which are premised on the same series of events.

The Cordova defendants primarily rely on *Clark v. Barnard*, 108 U.S. 436, 2 S.Ct. 878, 27 L.Ed. 780 (1883). In *Clark*, the Supreme Court held that Rhode Island had consented to federal court jurisdiction when, after being sued in federal court in a performance bond dispute, it asserted its own claim to the bond proceeds. *Id.* at 447–48, 2 S.Ct. at 882–84. In addition, the Cordova defendants point to other instances of waiver based on a state's participation in a federal lawsuit. *See Woeffler v. Happy States of America, Inc.*, 626 F.Supp. 499, 502 (N.D.Ill.1985); *Dep't of Transp. v. American Commercial Lines, Inc.*, 350 F.Supp. 835, 837 (N.D.Ill.1972).

Several aspects of this case distinguish it from those instances where states waive immunity through participation in litigation, however. One difference is that MDNR was involuntarily brought into this CERCLA case, as permitted by the Court's holding in *Pennsylvania v. Union Gas*. In contrast, in the principal cases relied upon by the Cordova defendants for eleventh amendment waiver, the state or state agencies voluntarily initiated litigation or appeared in federal court. *Clark*, 108 U.S. at 448, 2 S.Ct. at 883–84; *Woeffler*, 626

F.Supp. at 502; *American Commercial Lines,* 350 F.Supp. at 837.

Another distinction is that MDNR's CERCLA claims for response costs and contribution, if successful, would only serve to reduce the state's past and future costs or obligations for cleanup. The defensive posture of MDNR's claim for relief thus contrasts with the affirmative form of relief sought by states in cases finding waiver. *See Clark* (bond proceeds), *Woeffler* (declaratory judgment); *American Commercial Lines* (damages).

A third significant difference is that the state claims against MDNR do not fall within a well-recognized limitation to the waiver exception. Even assuming that MDNR had consented to suit in federal court, counterclaims against the state would have to "1) arise from the same event underlying the state's action and 2) be asserted 'defensively, by way of recoupment, *for the purpose of defeating or diminishing the State's recovery, but not for the purpose of obtaining an affirmative judgment against the State.'"* *Woeffler,* 626 F.Supp. at 502 (citations omitted) (emphasis added). *See also Fort Fetterman v. South Carolina Highway Dep't,* 261 F.2d 563, 569 (4th Cir.1958); *North Carolina v. Alexander & Alexander Services, Inc.,* 711 F.Supp. 257, 263 n. 3 (E.D. N.C.1989); *United States v. Mottolo,* 605 F.Supp. 898, 910–11 (D.N.H.1985); *Mohegan Tribe v. Connecticut,* 528 F.Supp. 1359, 1366–67 (D.Conn.1982); *Maryland Port Admin. v. SS American Legend,* 453 F.Supp. 584, 590 (D.Md.1978).

While the Cordova defendants would meet the first criteria because their cross-claim is based on the same events, the relief sought would impermissibly reach beyond the recoupment limitation. Rather than merely seeking to diminish or reduce MDNR's recovery in some way, the Cordova defendants' state-law claims seek to shift their past and future CERCLA costs to MDNR. In effect, the state-law claims seek an affirmative judgment against MDNR for the Cordova defendants' cleanup costs and any CERCLA liability. An attempt to expand a state's exposure to damages clearly falls outside the waiver exception limited to claims reducing a state's amount of recovery. In addition, the Cordova defendants seek specific performance for alleged breaches in obligations set forth in the October 1977 agreement, another remedy that reaches beyond the narrow scope of the recoupment exception.

In light of the foregoing, the court holds it lacks subject matter jurisdiction due to the eleventh amendment over the Cordova defendants' cross-claim against MDNR alleging promissory estoppel, innocent misrepresentation, breach of contract and specific performance. By dismissing these claims pursuant to Fed.R.Civ.P. 12(b)(1), the court does not reach the merits of the claims, which may be filed in the Michigan Court of Claims. *See* M.C.L.A. § 600.6419 *et seq.* Accordingly, the court dismisses the Cordova defendants' state-law claims against MDNR without prejudice.