### In re PAOLI RAILROAD YARD PCB LITIGATION.

**Master Docket No. 86–2229.**

United States District Court,
E.D. Pennsylvania.

April 29, 1992.

Harold E. Kohn, Robert A. Swift, Jeanne P. Wrobleski, Joseph C. Kohn, Kohn, Savett, Marion & Graf, P.C., Martin J. D'Urso, Kohn, Klein, Nast & Graf, P.C., Arnold E. Cohen, Klehr, Harrison, Harvey, Branzburg & Ellers, John Innelli, Rudolph,

---

Siedner, Goldstein, Salmon, P.C., Philadelphia, Pa., for Mabel Brown.

Christopher S. Vaden, Environmental Defense Section, Land & Natural Resources Div., U.S. Dept. of Justice, Washington, D.C., Catherine Votaw, Asst. U.S. Atty., Pamela Lazos, U.S. Environmental Protection Agency, for U.S.

Richard A. Kraemer, Philadelphia, Pa., Mary L. Grad, Ass'n Gen. Counsel, Washington, D.C., for AMTRAK.

Roger F. Cox, Blank Rome Comisky & McCauley, Philadelphia, Pa., for SEPTA.

David Richman, Pepper Hamilton & Scheetz, Philadelphia, Pa., for CONRAIL.

Jennifer Berke, R. Thomas McLaughlin, Kelly, Harrington, McLaughlin & Foster, Philadelphia, Pa., for The Budd Co.

Timothy B. Barnard, Media, Pa., for Roy F. Weston, Inc. ·

Harry A. Short, Jr., Stephen M. McManus, Philadelphia, Pa., John W. Vardaman, Jr., Judith A. Miller, Sarah H. Duggin, Washington, D.C., for General Elec. Co.

David G. Mandelbaum, Ballard, Spahr, Andrew & Ingersoll, Philadelphia, Pa., for O.H. Materials Corp.

Michael H. Malin, Kathy O'Neill, White & Williams, Philadelphia, Pa., for Monsanto Co.

G. Daniel Bruch, Jr., David C. Landen, Swartz, Campbell & Detweiler, Philadelphia, Pa., Raymond Paschke, Pittsburgh, Pa., for Westinghouse Elec. Corp.

## MEMORANDUM

ROBERT F. KELLY, District Judge.

This action involves the remaining counterclaims and third-party claims asserted by Southeastern Pennsylvania Transportation Authority ("SEPTA") against the United States. SEPTA seeks contribution and indemnification from the government for the response costs incurred in the clean-up of the Paoli Rail Yard from polychlorinated biphenyl ("PCB") contamination under section 107 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. section 9607. Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, the United States filed a Motion for Judgment on the Pleadings as to all remaining counterclaims and third-party claims asserted against it by SEPTA. For the reasons set forth below, the motion of the United States is granted.

CERCLA grants the government broad authority to provide for the clean-up of hazardous waste sites but places financial liability for the remedial clean-up costs on the parties responsible for the waste. Liability for such response costs is imposed on four categories of responsible parties under section 107(a)(1)–(4) of CERCLA:

(1) the owner and operator of a vessel or a facility,

(2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,

(3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances, and

(4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance....

42 U.S.C. § 9607(a)(1)–(4).

Section 120 of CERCLA provides that "[e]ach department, agency, and instrumentality of the United States ... shall be subject to, and comply with, this chapter in the same manner and to the same extent ... as any nongovernmental entity, including liability under section [107] of this title." 42 U.S.C. § 9620(a)(1).

In 1986, the United States brought suit against SEPTA, the National Railroad Passenger Corporation ("AMTRAK"), and Consolidated Railroad Corporation ("CONRAIL") for claims arising under CERCLA and other federal environmental statutes in regard to the PCB contamination of the Paoli Rail Yard. SEPTA then filed counterclaims against the United States and parallel third-party complaints in the lawsuits filed against SEPTA by the individuals living near the yard and various employees of the yard. The United States filed a motion to dismiss SEPTA's counterclaims and third-party claims. This Court granted the motion to dismiss and permitted SEPTA to add Count IV to its complaint. Count IV alleges that:

1. The United States undertook certain response activities at or around the Paoli Railyard which resulted in the release or threat of release of a hazardous substance;

2. The United States is a "person" who is liable under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a);

3. The United States' actions constituted

a. willful misconduct or willful negligence,

b. violations of applicable safety, construction or operating standards and regulations,

c. negligence within the meaning of Section 107(c)–(d) of CERCLA, 42 U.S.C. § 9607(c)–(d), and/or

d. exercise of sufficient dominion and control over certain operations and facilities that the United States is an "operator" within the meaning of CERCLA Section 107, 42 U.S.C. § 9607;

4. Therefore, the United States is primarily or jointly and severally liable under CERCLA, and SEPTA is entitled to indemnification or contribution for all amounts it is required to spend in connection with the condition at the Paoli Railyard.

SEPTA's third-party complaints allege the same basis for liability but seek recovery only to the extent the personal injury plaintiffs recover CERCLA response costs from SEPTA. The United States has conceded that it undertook response activities at the Paoli Rail Yard pursuant to section 104 of CERCLA, 42 U.S.C. section 9604, and that the United States is a person as defined in section 101(21) of CERCLA, 42 U.S.C. section 9601(21).

■ This Court must view the facts alleged in the pleadings in a light most favorable to SEPTA. SEPTA argues that EPA can be held liable under section 107(a) of CERCLA for its allegedly negligent clean-up activities since EPA became an "operator" under section 107(a)(1) of CERCLA and sovereign immunity is expressly waived under CERCLA. SEPTA maintains that section 120(a) of CERCLA expressly waives sovereign immunity since it provides that the United States is subject to liability to the same extent as any non-governmental entity under CERCLA. A waiver of sovereign immunity cannot be implied but must be unequivocally expressed. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351 (1980); *Sea–Land Service, Inc. v. United States*, 919 F.2d 888, 889 (3d Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2235, 114 L.Ed.2d 477 (1991). Moreover, any waiver of sovereign immunity is to be strictly construed in favor of the United States. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976).

■ As stated by the court in *United States v. Skipper*, 781 F.Supp. 1106, 1111 (E.D.N.C.1991), "[t]here is no question that Congress expected government agencies to shoulder their proportionate share of CERCLA response costs when they have acted as owners, operators, generators or transporters." However, the waiver of sovereign immunity under section 120(a) of CERCLA is limited only to circumstances under which a private party could also be held liable. Thus, the United States could be found liable for response costs if it was an owner, operator, transporter or one who arranged for disposal under section 107(a)(1)–(4) of CERCLA.

SEPTA argues that the United States became an "operator" under section 107(a)(1) of CERCLA when it conducted the

clean-up activities at the Paoli Rail Yard. EPA was acting pursuant to statutory authority under CERCLA when it performed the response activities at the Paoli Rail Yard. No private party is obligated to perform such remedial operations under CERCLA. When the United States undertakes response actions pursuant to CERCLA, it is not acting like any nongovernmental entity. The United States would be liable under section 107(a) of CERCLA if it was acting in a manner other than in its regulatory capacity. "[T]he United States is to contribute its share when it acts in a fashion analogous to that of a business concern." *United States v. Western Processing Co.*, 761 F.Supp. 725, 730 (W.D.Wash.1991). Congress specifically rejected an amendment to CERCLA that would make government negligence a separate defense to CERCLA 107(a) liability. *Id.*

> Allowing contribution counterclaims in this situation would undermine Congress' intent to ensure that those who benefit financially from a commercial activity should internalize the health and environmental costs of that activity into the costs of doing business.

*United States v. Azrael*, 765 F.Supp. 1239, 1245 (D.C.Md.1991). EPA's contact with the Paoli Rail Yard was in a regulatory and remedial capacity. The United States does not subject itself to liability under section 107(a) of CERCLA when it is engaged in clean-up activities at a hazardous waste site. *United States v. Berks Associates*, No. 91–4868, slip op. at 6–7, 1992 WL 68346 (E.D.Pa. March 31, 1992); *Skipper*, 781 F.Supp. at 1111; *Azrael*, 765 F.Supp. at 1245–46; *Western Processing Co.*, 761 F.Supp. at 728–29.

Section 107(a)(4)(A) of CERCLA further supports the conclusion that Congress sought to insulate the government from liability in contribution for its response activities. Under this section, EPA is not entitled to reimbursement for clean-up activities which are shown to be inconsistent with the National Contingency Plan. It is clear from the statutory language that Congress envisioned that the propriety of cleanup conduct be judged solely by the "not inconsistent" standard as part of EPA's cost recovery action. *Azrael*, 765 F.Supp. at 1246.

Taking SEPTA's factual allegations as true, SEPTA has failed to establish a cause of action in contribution against the United States. I find that the United States was not an "operator" under section 107(a)(1) and has not waived its sovereign immunity from the CERCLA claims arising out of EPA's clean-up activities at the Paoli Rail Yard. Accordingly, I will enter judgment in favor of the United States on all SEPTA's remaining counterclaims and third-party claims in these consolidated cases.