**AUTO–ION LITIGATION GROUP, et al., Plaintiffs,**

**v.**

**AUTO–ION CHEMICALS, et al., Defendants.**

**WESTINGHOUSE ELECTRIC CORPORATION, Counter–Plaintiff,**

**v.**

**AUTO–ION LITIGATION GROUP, Brunswick Corporation, Dana Corporation, et al., Counter–Defendants.**

**The CITY OF KALAMAZOO, Defendant and Third–Party Plaintiff,**

**v.**

**STATE OF MICHIGAN and Michigan Department of Natural Resources, Third–Party Defendants.**

No. 4:92–CV–133.

United States District Court, W.D. Michigan, Southern Division.

April 15, 1994.

John R. LaParl, Jr., Smith, LaParl & Mequio, Portage, MI, John D. Willey, Jr., Robert J. Gilmer, Jr., Eastman & Smith, Toledo, OH, for Auto–Ion Litigation Group, Brunswick Corporation, Dana Corporation, Faultless Caster Company, Lear Plastics Corporation, United Technologies Automotive Systems, Inc.

Steven C. Kohl, Howard & Howard, PC, Bloomfield Hills, MI, Robert H. Cinabro, Office of City Attorney, Kalamazoo, MI, for City of Kalamazoo.

James P. Fenton, Kathleen M. Anderson, Barrett & McNagny, Fort Wayne, IN, for Acme National Heat Treating Company fka National Heat Treating, Inc.

Michael L. Shiparski, Asst. U.S. Attorney, Michael H. Dettmer, United States Attorney, Grand Rapids, MI, David M. Thompson, U.S. Department of Justice, Environment & Natural Resources Division, Environmental Enforcement Section, Washington, DC, for U.S. Navy.

Teresa S. Decker, George B. Davis, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, MI, for Spaulding & Evenflo Companies, Inc. fdba Muskegon Piston Ring.

Jean Leslie Doyle, Laurence Alan McHugh, Barnes & Thornburg, South Bend, IN, Steven L. Skahn, Grand Rapids, MI, for Indiana Steel & Wire Company.

Jan D. Feldman, Pope, Cahill & Devine, Ltd., Chicago, IL, for Westinghouse Electric Company.

Buckeye Products Corporation, Adrian, MI, pro se.

Stanley F. Pruss, Asst. Atty. General, Frank J. Kelley, Attorney General, Natural Resources Division, Lansing, MI, for State of Michigan, Michigan Dept. of Natural Resources.

## OPINION RE THIRD–PARTY DEFENDANTS' MOTION TO DISMISS

HILLMAN, Senior District Judge.

This civil action involves claims made pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). 42 U.S.C. § 9601, *et seq.* Presently before the court is third party defendants', State of Michigan and Michigan Department of Natural Resources (the State), motion to dismiss the complaint filed by third party plaintiff/defendant, the City of Kalamazoo (the City). The State asserts that the City's motion should be dismissed, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(h)(3), for lack of subject matter jurisdiction. The State claims that it is entitled to the privileges of immunity under the Eleventh Amendment.

### BACKGROUND

This litigation involves the Auto–Ion site and the structures previously located on that site. The site is located within the City of Kalamazoo. Between 1914 and 1956 the City owned and operated a power plant at the site. In 1956 the site and facility was sold by the City to Consumers Power Company who continued to operate the power plant.

In 1963 the site was sold by Consumers Power to Auto–Ion Chemical Company, Inc. (Auto–Ion). Auto–Ion used the site for approximately eleven years as an industrial waste processing facility. Specifically, Auto–Ion treated waste chemicals generated from plating processes. In 1974 Auto–Ion terminated doing business and apparently abandoned the site.

In 1981 ownership of the site reverted to the State due to Auto–Ion's failure to pay property taxes. In 1984 the United States Environmental Protection Agency (EPA) performed an initial evaluation of the site. Thereafter the EPA ordered the plaintiffs in this action, former customers of Auto–Ion, to undertake emergency removal of the waste chemicals and contaminated liquids from the site.

Following this removal, in 1985, the City contracted for the demolition and removal of the structures on the site. The City asserts that this demolition was done upon, "the consent, approval, commission and direction of the Site owner, the State." Brief of City at 2. The State asserts, however, that its only action was to issue a permit authorizing the removal of the buildings.

Plaintiffs maintain that these demolition activities resulted in the spreading of materials containing residual contaminates about the site. Plaintiffs assert that this has forced them to incur additional response costs. As such, plaintiffs have filed a complaint naming the City, among others, as defendants. The City has filed a third-party complaint naming the State. In count one, the City seeks contribution from the State under CERCLA. In count two, the City seeks common law indemnification. The State has filed this motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(h)(3).

### *DISCUSSION*

#### 1. *Standard of Review*

When reviewing a motion to dismiss for lack of subject matter jurisdiction, the court must determine whether the pleadings set forth allegations sufficient to demonstrate to the court that it has subject matter jurisdiction over the matter. *Espinosa v. Norfolk & Western Railway Co.,* 750 F.Supp. 819 (E.D.Mich.1990). The challenged pleadings are to be construed in a light most favorable to the party opposing the motion. *Great Lakes Educational Consultants v. Federal Emergency Management Agency,* 582 F.Supp. 193 (W.D.Mich.1984). While the burden to properly plead facts sufficient to infer subject matter jurisdiction is on the plaintiff, if the pleader alleges facts sufficient to infer subject matter jurisdiction, the motion must be denied. *Moir v. Greater Cleveland Regional Transit Authority,* 895 F.2d 266 (6th Cir.1990); *Espinosa v. Norfolk & Western Railway Co.,* 750 F.Supp. 819 (E.D.Mich.1990).

#### 2. *Eleventh Amendment Immunity*

The Eleventh Amendment provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of a Foreign State." Further, in *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890), the Court held that the Eleventh Amendment barred a citizen from bringing a suit against his own State in federal court.

There are, however, two well established exceptions to this general rule. *See Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985). First, Congress may exercise its Fourteenth Amendment powers to abrogate the State's Eleventh Amendment immunity. The determination that Congress has abrogated immunity requires an unequivocal expression of congressional intent to overturn the constitutionally guaranteed immunity of the several States. *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

Second, a state may effectuate a waiver of its constitutional immunity. The determination by a federal court that a State has waived its constitutional rights requires "an unequivocal indication that the State intends to consent to federal jurisdiction that otherwise would be barred by the Eleventh Amendment." *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1360, 39 L.Ed.2d 662 (1974). Thus a federal court will find state waiver of immunity only given "the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction." *Edelman,* 415 U.S. at 673, 94 S.Ct. at 1360.

In the present case, the City has filed a two-count complaint against the State. The State asserts that it is entitled to Eleventh Amendment immunity in both counts. Count

one, which states a cause of action based on CERCLA, concerns an allegation that Congress has abrogated the State's constitutional right to immunity. Count two, based on a common law claim, concerns an allegation that the State has waived its right to immunity.

### Count One—CERCLA

■ The Supreme Court has held that states may be sued in federal courts as potentially responsible parties under CERCLA. *Pennsylvania v. Union Gas Co.,* 491 U.S. 1, 109 S.Ct. 2273, 105 L.Ed.2d 1 (1989). "There is no question that Congress expected government agencies to shoulder their proportionate share of CERCLA response costs when they have acted as owners, operators, generators or transporters." *United States v. Skipper* 781 F.Supp. 1106, 1111 (E.D.N.C. 1991). However, under section 101(20)(d) of CERCLA, a state is not liable because it is an owner or operator if the state acquired ownership by virtue of its function as sovereign and does not cause or contribute to the release or threatened release of hazardous substances from the facility, *Union Gas,* 491 U.S. at 7–8, 109 S.Ct. at 2277–79. Further, if the state is acting in a purely regulatory manner, the immunity conferred by the Eleventh Amendment is maintained. *CPC Intern., Inc. v. Aerojet–General Corp.,* 731 F.Supp. 783, 789 (W.D.Mich.1989); *United States v. Dart Industries, Inc.,* 847 F.2d 144, 146 (4th Cir.1988).

■ It is undisputed in this case that the State involuntarily acquired the site due to tax delinquency. As such, the State is not liable under CERCLA merely because it is an owner of the site. Third-party plaintiff does not dispute this conclusion. The City contends, however, that the State is liable because it undertook actions which caused or contributed to the release of hazardous substances from the facility. The City, citing *CPC Intern., Inc. v. Aerojet–General Corp.,* 731 F.Supp. 783 (W.D.Mich.1989), asserts that the "hands-on" nature of the State's actions make the State liable under CERCLA.

In *CPC* I determined that the State of Michigan could be held liable under CERCLA for its alleged involvement as an operator at a contaminated site. In that case, the State allegedly took a "hands-on" approach to the site. The State also allegedly entered into a business agreement whereby, in exchange for a payment of $600,000, the State would, among other things, operate purge wells at the site. Thus, I found that the hands-on activity of the State was substantially different in type from regulatory and remedial activities. As such, it was not simply the amount or quantity of State involvement that established liability but also the nature of that involvement.

Since *CPC,* other courts have clarified this distinction. In *B.F. Goodrich Co. v. Murtha,* 958 F.2d 1192 (2d. Cir.1992), the court determined that municipalities which had contracted for the disposal of household and municipal wastes could be liable. In that case, the municipalities were not engaged in regulating the clean-up of a site, but had entered into business contracts for the disposal of wastes generated by the municipalities and their citizens. Through the disposal of municipal waste, and the providing of a public service for the disposal of household wastes, the municipalities entered into business relationships which allegedly contributed to the release or threatened release of hazardous substances.

■ On the other hand, in cases where the federal or state governmental entity's only involvement at a site is in its participation in the clean-up, done in a regulatory and remedial capacity, those entities are immune from liability notwithstanding hands-on involvement in any clean-up activities. *Pierson Sand & Gravel, Inc. v. Pierson Township,* 851 F.Supp. 850 (W.D.Mich.1992); *United States v. Atlas Minerals and Chemicals, Inc.,* 797 F.Supp. 411 (E.D.Pa.1992); *In re Paoli R.R. Yard PCB Litigation,* 790 F.Supp. 94 (E.D.Pa.1992). To establish liability for state and federal governmental entities for carrying out their clean-up duties would contradict the policies of CERCLA. Congress' intent under CERCLA was to "ensure that those who benefit financially from a commercial activity should internalize the health and environmental costs of that activity into the costs of doing business." *United*

*States v. Azrael,* 765 F.Supp. 1239, 1245 (D.C.Md.1991). Congress did not intend to create liability for federal and state government entities who are only involved in clean-up, even if those entities' actions in that clean-up are negligent. *Id.*

In this case, the City alleges that the State took a hands-on approach to managing the clean-up activities, the demolition of certain structures, at the site. The State's active participation, however, only involved regulating and managing the clean-up of the site. Despite the allegation that the State was actively involved at the site, the nature of the State's involvement remains remedial. I am satisfied that, based on the facts presented, the State has not performed the type of activity through which liability could be established. As such, I conclude that the State is immune from liability under CERCLA and Count one of the City's claim must be dismissed.

### Count Two—Common Law Indemnity

In count two of its complaint, the City alleges that it is entitled to be indemnified by the State under the theory of common law indemnification. The State asserts, however, that it has never waived its Eleventh Amendment immunity from suit for claims based upon the common law. In general, a state is entitled to Eleventh Amendment immunity for common law claims. *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985). The City has not supplied this court with, nor has this court found, "an unequivocal indication that the State intends to consent to federal jurisdiction that otherwise would be barred by the Eleventh Amendment." *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1360, 39 L.Ed.2d 662 (1974). Thus, I am satisfied that the State is entitled to immunity for the common law indemnification claim. Therefore, count two of the City's complaint shall be dismissed. *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985); *CPC International, Inc. v. Aerojet–General Corp.,* 764 F.Supp. 479 (W.D.Mich.1991).

### CONCLUSIONS

After a thorough review of the material, I am satisfied that the State's motion to dismiss should be granted. As the State is entitled to the privilege of immunity under the Eleventh Amendment, this court lacks subject matter jurisdiction over the third-party complaint. All claims asserted against the State of Michigan and the Michigan Department of Natural Resources are dismissed.